IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §    CRIMINAL ACTION NO. H-97-168 |
| | § |
| GRATINIANO TOVAR-VALENCIA | § |

## MEMORANDUM AND RECOMMENDATION DENYING DEFENDANT'S PETITION FOR WRIT OF MANDAMUS

Before the Magistrate Judge upon referral from the District Judge for a Memorandum and Recommendation is Defendant's Petition for Writ of Mandamus (Document No. 502). In that petition, which was filed over eleven years after his conviction was final, and ten years after his § 2255 Motion to Vacate, Set Aside or Correct Sentence was denied, Defendant Gratiniano Tovar-Valencia ("Tovar-Valencia") seeks mandamus relief, claiming that the plea agreement he entered in Criminal Action No. H-97-172, required the dismissal of the charges in this case. Tovar-Valencia states his grounds for mandamus relief as follows: (1) "whether the first plea agreement barred the second plea agreement" and (2) "whether the Government (AUSA Claude Hippard)[1] being an employee of the United States failed to perform a duty owed to the Petitioner."

Having considered Tovar-Valencia's Petition for Writ of Mandamus, the United States' response in opposition, the record of the proceedings in this case and Criminal Action No. H-97-172, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant Tovar-Valencia's Petition for Writ of Mandamus (Document No. 502) be DENIED.

---

[1] In a Motion to Amend (Document No. 508), which was not opposed by the Government, and which was granted by separate Order, Tovar-Valencia amended his Petition for Writ of Mandamus to reflect that Claude Hippard was the AUSA assigned to the case, not Bob Stabe, as was originally alleged.

Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To be entitled to mandamus relief under § 1361, a petitioner must show: "'(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy.'" *David v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). In addition, mandamus relief is only available to a petitioner who has "exhausted all other avenues of relief." *Garza v. Clinton*, 2010 WL 5464263 *4 (S.D. Tex. 2010) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

Here, Tovar-Valencia claims entitlement to mandamus relief based on the terms of a plea agreement he entered into in Criminal Action No. H-97-172. According to Tovar-Valencia, the conspiracy charges in this case are identical to the charges in Criminal Action No. H-97-172; the Government agreed in the plea agreement entered in Criminal Action No. H-97-172, not to pursue any further charges against him; and the Government's prosecution of him and his entry of a guilty plea in this case runs afoul of the promises and obligations the Government made in Criminal Action No. H-97-172. Tovar-Valencia is not entitled to mandamus relief. Upon this record, and the record in Criminal Action No. H-97-172, Tovar-Valencia does not have a clear right to the relief requested, the Government does not have a clear duty to do the act requested, and Tovar-Valencia has not exhausted all other avenues of relief.

The record shows that Tovar-Valencia was charged by Indictment in this case on August 26, 1997, with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (count 1), possession with intent to distribute cocaine (counts 2, 3, and 4), money laundering, alleged to have

occurred on or about February 27, 1993 (count 5), and conspiracy to commit money laundering (count 6). Named as his co-defendants in this case were Loletha Gladney, Edison Pinilla, Gerardo Guapi Lizalda, Kelvin Demon Joshua, Charlene Travis Walton, Nathaniel Gordon, Jr., Michal Anthony Marshell, Dorothy Young McClain, Juan Alberto Castillo, Hector Fabio Perea, Dorothy Powell, and Hoon Cha. The money laundering conspiracy charges were primarily based on the laundering of drug proceeds though a business known as L&G Liquor Store, which was operated by co-Defendant Loletha Gladney.

In Criminal Action No. H-97-172, in contrast, Tovar Valencia was charged by Indictment on August 27, 1997, with conspiracy to commit money laundering (count 1) and money laundering, alleged to have occurred on or about June 12, 1996 (count 3). His co-defendants in that case were Javier Guerrero, Sonia Chamucero, Guido Marcelo Moreno, Wilson Mondragon, and Edison Pinilla. The money laundering conspiracy offense in Criminal Action No. H-97-172 was based on the laundering of drug proceeds through Communicaciones El Sol and Way Exprexx, two businesses owned and operated by co-Defendants Javier Guerrero and Guido Marcelo Moreno. The offenses with which Tovar-Valencia was charged in each case, including the money laundering offenses, were different, and were based on different predicate acts, with different participants.

The record also shows that Tovar-Valencia pled guilty to the money laundering conspiracy offense in Criminal Action No. H-97-172, on January 15, 1998. In connection with that guilty plea, he entered into a written Plea Agreement with the Government. The Plea Agreement, as is relevant to the claims raised herein, provided:

> 5. The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal indictment, except for crimes of violence. This Plea

> Agreement binds only the United States Attorney's Office for the Southern District of Texas and the Defendant; it does not bind any other United States Attorney. The United States will bring this Plea Agreement to the attention of other prosecuting offices, if requested.

(Document No. 92 in Criminal Action No. H-97-172). Approximately a month later, on February 12, 1998, Tovar-Valencia pled guilty in this case to the conspiracy to possess with intent to distribute cocaine offense (count 1), and the conspiracy to commit money laundering offense (count 6). Those guilty pleas were also made pursuant to a written Plea Agreement, which again provided:

> 4. The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal Indictment, except for crimes of violence. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and the Defendant; it does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of the Defendant's cooperation to the attention of other prosecuting offices, if requested.

(Document No. 177 in Criminal Action No. H97-168). Neither Plea Agreement can be read as raising an obligation for the United States to dismiss one of the two cases against Tovar-Valencia. As such, Tovar-Valencia has not shown either a *clear* right to relief or a *clear* duty on the part of the United States to dismiss the charges in this case.

In addition, a review of the record shows that Tovar-Valencia has not "pursed all other avenues of relief" prior to filing his petition for writ of mandamus. While Tovar-Valencia has filed an appeal, a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 408), a post-judgment Motion to Dismiss the Indictment for Jurisdictional Defects (Document No. 447), a Motion for Leave to File a Claim of Actual Innocence (Document No. 468), a Motion for Reconsideration under Rule 60(b)(4) (Document No. 472), a Motion to Modify his Fine (Document No. 479), and a Motion to Alter and Amend Judgment (Document No. 486), this is the first and only

time Tovar-Valencia has raised the type of claim at issue herein. Tovar-Valencia has therefore not pursued any other avenue of relief relative to the claim he raises in his petition for writ of mandamus and for that additional reason, mandamus relief is not available.

As Petitioner Gratiniano Tovar-Valencia has not shown a clear right to relief or a clear duty on the part of the United States, and as Petitioner has not pursued any other avenue of relief relative to the claim he raises herein, the Magistrate Judge

RECOMMENDS that Defendant's Petition for Writ of Mandamus (Document No. 502) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 14th day of November, 2011

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE